FILED

AUG 26 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | Criminal No. 19-261 |
| SHELBY SUMMER BROWN | ) | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| One | Coercion and Enticement of Any Individual to Travel to Engage in Illegal Sexual Activity<br><br>From on or about March 6, 2018 until on or about March 14, 2018 | 18 U.S.C. §§ 2422(a) and 2 |
| Two | Conspiracy to Commit the Offense of Coercion and Enticement of Individual to Travel to Engage in Illegal Sexual Activity<br><br>From on or about March 6, 2018 until on or about March 14, 2018 | 18 U.S.C § 371 |

1

## II. ELEMENTS OF THE OFFENSE

**A.    As to Count 1:**

In order for the crime of Coercion and Enticement of Any Individual to Travel to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. §§ 2422(a) and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly persuaded, induced, enticed, or coerced any individual to travel in interstate or foreign commerce, or attempted to do so; and

2. That the defendant intended the individual to engage in prostitution or any sexual activity for which any person could be charged with a criminal offense.

Title 18, United States Code, Section 2422(a).

**B.    As to Count 2:**

In order for the crime of Conspiracy to Commit the Offense of Coercion and Enticement of Any Individual to Travel to Engage in Illegal Sexual Activity, in violation of 18 U.S.C. § 371 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. That Shelby Summer Brown was a party to or member of that agreement;

3. That Shelby Summer Brown joined the agreement or conspiracy knowing of its objective to commit offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that Shelby Summer Brown and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objectives, to commit an offense against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at

least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III. PENALTIES

A. **As to Count 1: Coercion and Enticement of Any Individual to Travel to Engage in Illegal Sexual Activity (18 U.S.C. § 2422(a) and § 2):**

    1. Imprisonment of not more than twenty (20) years (18 U.S.C. § 2422(a)).

    2. A fine of not more than $250,000.00 (18 U.S.C. §3571(b)(3)).

    3. Supervised release for any term of years not less than 5, or life (18 U.S.C. § 3583(k)).

    4. Any or all of the above.

B. **As to Count 2: Conspiracy to Commit the Offense of Coercion and Enticement of Any Individual to Travel to Engage in Illegal Sexual Activity (18 U.S.C. § 371):**

    1. Imprisonment of more than 5 years (18 U.S.C. § 371).

    2. A fine not more than the greater of:

        (a) $250,000 (18 U.S.C. § 3571(b)(3));

        <u>or</u>

        (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    3. a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

    4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

An additional special assessment of $5,000.00 must be imposed as the offense was committed after May 29, 2015 and the offense is located within Chapter 117 of Title 18, United States Code. 18 U.S.C. § 3014(a).

## V. RESTITUTION

Restitution may be required in this case as to Counts One and Two, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Information, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*Heidi M. Grogan*
HEIDI M. GROGAN
Assistant U.S. Attorney
PA ID No. 203184