IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | Criminal No. 19-261 |
| v.                                                      ) | |
| ) | |
| SHELBY SUMMER BROWN           ) | |

**Government's Sentencing Memorandum**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Heidi M. Grogan, Assistant United States Attorney for said district, and submits this Sentencing Memorandum.

Upon consideration of all of the factors set forth in Title 18, United States Code, Section 3553(a), the government urges the Court to sentence defendant Brown to a term of imprisonment within the guideline range given the defendant's significant role in the sexual exploitation of the minor victim.

The Court is required to give "meaningful consideration" to all of the relevant Section 3553(a) factors. *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Larkin*, 629 F.3d 177, 197 (3d Cir. 2010); *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). However, the Court need not discuss each factor if the record makes clear that the Court took all relevant factors into account in imposing sentence. *United States v. Thornhill*, 759 F.3d 299 (3d Cir. 2014); *Cooper*, supra, 437 F.3d 329.

I. **FACTUAL AND PROCEDURAL HISTORY**

Defendant Brown has pleaded guilty to a two-count Information charging her with violating 18 U.S.C. §§ 2422(a) and 2 and 18 U.S.C. § 371. In her plea agreement, which was detailed in the plea letter and on the record at the time of the change of plea on September 12,

1

2019, the defendant stipulated and agreed that the following sentencing enhancements were applicable based on the facts and evidence supporting the charge:

a) That the base offense level should be increased by two levels because the defendant unduly influenced a minor to engage in prohibited sexual conduct;

b) That the base offense level should be increased by two levels because the defendant used a computer to persuade, induce, entice, coerce, or facilitate the travel of the minor to engage in prohibited sexual conduct;

c) That the base offense level should be increased by two levels because the offense involved the commission of a sex act and the offense involved a commercial sex act.

Significantly, under the terms of defendant's plea agreement, and in exchange for defendant's guilty plea, the United States has agreed to dismiss the Indictment at Crim. No. 18-141 after the imposition of sentence. The impact of this agreement is that defendant avoids a ten-year mandatory minimum term of imprisonment that would have been required had the defendant pled to Count One (Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity - 18 U.S.C. §§ 2423(a), (d) and (e)) and Count Three (Sex Trafficking of a Child – 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2) of the Indictment.

Law enforcement became aware of defendant's criminal conduct in this case after the minor victim was recovered at a hotel during an undercover operation. Defendant Brown was arrested five days later after posting an ad for her own prostitution services on backpage.com (the same way defendants Brown and Carter advertised the minor victim for commercial sex acts). Upon arrest, defendant gave a statement to law enforcement wherein she admitted to meeting the minor victim in Ohio, driving with her to Pittsburgh, and dropping her off at the hotel where the

2

minor victim subsequently was recovered by law enforcement (after agreeing to perform a commercial sex act). The defendant admitted to law enforcement that she knew the minor victim was 17 years old. Defendant Brown also admitted to telling the minor what certain terms mean in the commercial sex business. In her interview, defendant told law enforcement that she was "like, a caregiver" to the minor victim.

Law enforcement also recovered and conducted a forensic review of defendant's cell phone. Confirmation emails for the backpage.com ads advertising Minor A were located on defendant's phone, including the March 14, 2018 advertisement to which the undercover officer responded. On defendant's phone, law enforcement further found a sexually explicit photograph of Minor A that had been used in the backpage.com ads advertising Minor A's prostitution services.

## II.  CONSIDERATION OF THE 3553(a) FACTORS

### 1.  The Nature and Circumstances of the Offense (§ 3553(a)(1))

It is beyond dispute that the sexual exploitation and prostitution of a minor is a very serious crime. In contrast to the trafficking of drugs or guns, the exploitation of humans is without regard for their well-being or safety, and for the financial benefit of the traffickers. The impact of this crime on its victims, especially child victims, is profound and long-lasting.

### 2.  History and Characteristics of the Defendant (§ 3553(a)(1))

As detailed in the Presentence Investigation Report ("PSIR"), this defendant has experienced and dealt with myriad challenges in her lifetime. Her criminal conduct in the instant case is further complicated by the fact that she and the co-defendant are romantically involved and have two children together. *See also* PSIR at ¶ 30 (detailing pertinent personal characteristics of

defendant's relationship with co-defendant).  The government carefully considered the history and characteristics of defendant, as stated in the PSIR, in deciding to offer this particular plea agreement to this particular defendant.

Additionally, the government notes that this defendant has a significant criminal history, as well as pending matters, as further detailed within the PSIR.

### 3. Seriousness of the Offense, Respect for the Law, Just Punishment (§ 3553(a)(2)(A))

The law is clear—crimes that sexually exploit minor victims warrant stringent sentences. Offenders like the defendant must be seriously punished to reflect the severity of the crime, and to promote respect for the law.

### 4. Deterrence (§ 3553(a)(2)(B))

Deterring the sexual exploitation and trafficking of minors should be given significant weight at sentencing.  While the trafficking and sexual exploitation of any person is devastating, children are the most defenseless members of our society and preying on and exploiting a child's innocence by persuading and inducing her to engage in prostitution is a particularly egregious crime.  Thus, this factor includes the deterrence of the defendant in the instant case, as well as those who many consider similar offenses in the future.  Practically speaking, severe criminal penalties for those who commit crimes exploiting children is critical to drying up the market and decreasing demand for children in the commercial sex business.

### 5. Protect the Public (§ 3553(a)(2)(C))

The nature of the defendant's offenses indicate that she poses a serious danger to some of the most vulnerable members of our society.  At the time of the offense, defendant was 26 years

4

old; her victim was 17 years old. The defendant was not the victim's "caretaker" – she manipulated the mind and heart of a vulnerable girl, rather than protecting her as any decent adult should. Defendant's crime of conviction is one that has a profound impact on its victims.

### 6. Need to Avoid Sentencing Disparity (§ 3553(a)(6))

This defendant has committed serious crimes (Mann Act involving a minor) in a manner that triggered several fact-based enhancements; the defendant should be sentenced within the guideline range. "Sentencing disparities are at their ebb when the Guidelines are followed, for the ranges are themselves designed to treat similar offenders similarly. That was the main goal of the Sentencing Reform Act. The more out-of-range sentences that judges impose . . ., the more disparity there will be." *United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008).

### III. RESPONSE TO DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

At sentencing, the Court is to consider any matter it deems relevant. Under 18 U.S.C. § 3661, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the government submits that is appropriate for the Court to consider the information that the probation office has complied from court documents, police reports, and affidavits with regard to the defendant's criminal history, and the Court may assign it whatever weight it deems proper.

The government defers to the Court's determination as to defendant's ability to pay the special assessment pursuant to the Justice for Victims of Trafficking Act, as contemplated by the plea agreement.

As to the costs of prosecution and supervision, the government defers to the Probation Office's position, as detailed in the Addendum to the Presentence Report. Further, the government notes that Congress gives district courts authority to require defendants to pay the cost of "rehabilitative services designed to protect the public and benefit the […] addict or drug-dependent person." *See* 18 U.S.C. § 3672.

### IV.     RESTITUTION AND VICTIM IMPACT

The government has recently learned that the minor victim in this case passed away within the past month. The circumstances of her death are under investigation. The government is attempting to determine if any family members of the deceased victim want to provide the Court with a victim impact statement. If received, the government will forward any victim impact statements to the Probation Office and the Court forthwith. At this time, there is no request for restitution.

### V.     CONCLUSION

Simply stated, the defendant's is well aware of the profound impact of the crime she perpetrated on this minor victim. The defendant, through the benefit of a plea agreement with the United States, no longer faces a mandatory minimum sentence. Accordingly, and for all of the reasons stated herein, the government respectfully requests that the Court impose a sentence within

the guideline range.

SCOTT W. BRADY
United States Attorney
PA ID No. 88352


s/Heidi M. Grogan
HEIDI M. GROGAN
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, Pennsylvania 15219
Heidi.grogan@usdoj.gov
PA ID No. 203184
